# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JONATHAN CRAWFORD, #304936,

    Petitioner,

v.                                               ACTION NO.
                                                   2:04cv725

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Jonathan Crawford ("Crawford") was convicted in the Circuit Court for the County of Mecklenburg of rape and malicious wounding. On December 12, 2001, he was sentenced to a term of fifteen years imprisonment.

Crawford's direct appeal of his convictions to the Court of Appeals of Virginia was denied on August 21, 2002. The Supreme Court of Virginia refused Crawford's petition for appeal on

January 3, 2003. Crawford then filed a habeas petition in the Circuit Court for the County of Mecklenburg on March 8, 2003, raising the same claims raised in this petition. The petition was denied on August 11, 2003, and the appeal to the Supreme Court of Virginia was refused on March 24, 2004.

Crawford, presently in the custody of the Virginia Department of Corrections at the Red Onion State Prison in Pound, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 1, 2004. On January 28, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss. Crawford filed a response to the Motion to Dismiss on February 11, 2005, including in his response a claim of actual innocence. The respondent filed a Motion to Dismiss Petitioner's Actual Innocence Claim on February 23, 2005, and Crawford responded to the motion on March 2, 2005.

### B. Grounds Alleged

Crawford asserts that the following entitle him to relief under 28 U.S.C. § 2254:

    (a)    he was denied effective assistance of counsel due to his counsel's failure to:

        (i)    rebut or object once the prosecutor had established her case and changed the location of the crime;

        (ii)    request a bill of particulars;

        (iii)    follow Rule 3A:12 by subpoenaing the prosecuting attorney, and Rule 3A:11(g), the continuing duty to disclose; and,

        (iv)    call the victim to testify concerning his accusation the Commonwealth fabricated charges;

    (b)    his attorney's conduct was improper because counsel:

        (i)    acted delirious at times;

        (ii)    did not have the transcripts of the victim's perjury trial recorded to use to impeach her in Crawford's trial;

        (iii)    admitted to ineffectiveness;

        (iv)    made false representations to the trial court; and

        (v)    failed to keep the jury, victim, witnesses and prosecutor from having lunch at the same restaurant;

    (c)    the trial judge and prosecutor engaged in improper conduct, and the judge unreasonably interfered with the defense; and

    (d)    his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defense that the victim said the crime occurred at a different location than first reported.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition all of Crawford's claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd., 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844, 119

S.Ct. 1728, 144 L.Ed.2d 1 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Crawford's petition to the Virginia Supreme Court for a writ of habeas corpus contained the same claims raised in the present petition; therefore Crawford's claims (a) through (d) meet the exhaustion requirement.

### B. State Procedural Rule

Crawford's Grounds (c) and (d) were denied by the Supreme Court of Virginia based upon a state procedural rule. The Supreme Court of Virginia refused to consider these claims because they were not raised on direct appeal. Therefore, the claims were barred by Slayton v. Parrigan, 205 S.E.2d 680 (1974). [1]

Clearly the Virginia Supreme Court's refusal to hear these claims rested squarely on the state procedural bar provided in Slayton v. Parrigan. There was no interweaving of any federal law within Virginia's refusal to consider Crawford's claims. The Fourth Circuit has held,

> [a]bsent cause and prejudice or a miscarriage of justice, a federal court sitting in habeas may not review a constitutional claim when a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule. . . . We have held on numerous occasions that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision . . . . We reject [the] argument that the procedural default rule set forth in Slayton does not bar consideration of his claims because it is not independent of federal law.

Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997) (internal citations omitted).

There is no cause, prejudice, or miscarriage of justice alleged by Crawford or apparent to this

---

[1] The Supreme Court of Virginia upheld the decision of the Circuit Court which dismissed the claim based on Slayton v. Parrigan. Therefore, the decision of the Supreme Court of Virginia is presumed to rest upon the same ground. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Court. Therefore, this Court cannot now review claims which were procedurally defaulted in the Virginia Supreme Court. This Court recommends denying Crawford's Grounds (c) and (d).

### C. Actual Innocence

Crawford makes a claim of actual innocence in an effort to have the Court consider his Grounds which are barred due to procedural default. His claim is based on the allegation that the victim lied about where the crimes occurred.

"[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Spencer v. Murray, 5 F.3d 758, 765 (4th Cir. 1993) (citing Herrera v. Collins, 506 U.S. 390 (1993)). In order to establish actual innocence sufficient to excuse procedural default, a petitioner must show "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. U.S., 523 U.S. 614, 623 (1998) (citing Schlup v. Delo, 513 U.S. 298, 327-328 (1995)). Consequently, a petitioner is required to provide some new evidence, which was previously unavailable despite petitioner's exercise of reasonable diligence. See Bousley v. United States, 523 U.S. at 623-24.

Crawford offers no new evidence in support of his claim of actual innocence. To the contrary, the issue of the location of the crime scene, Brunswick County versus Mecklenburg County, was fully before the court and the jury. Crawford's counsel offered testimony to dispute the victim's testimony regarding the location of the crime scene. The judge instructed the jury to consider whether venue was proper in Mecklenburg County. Counsel argued the issue both at the close of the evidence and in a motion to set aside the verdict. The jury found Crawford guilty, and the judge denied the motion to set the verdict aside. The decision was upheld on appeal. No new

evidence is offered to this Court in support of Crawford's argument that he is actually innocent due to the victim's misrepresentation at trial of the location of the crime scene.

Therefore, Crawford's claim of actual innocence fails to excuse his procedural default.

### D. Ineffective Assistance of Counsel Claims

Crawford previously asserted the ineffective assistance of counsel claims in Grounds (a) and (b) to the Virginia Supreme Court in his habeas appeal. The Virginia Supreme Court denied Grounds (a) and (b) on January 3, 2003, based on the merits and the holding in Strickland v. Washington, 466 U.S. 668 (1984).

The controlling standard for ineffective assistance of counsel claims is found in Strickland v. Washington, 466 U.S. 668 (1984). In order to recommend granting Crawford relief on his ineffective assistance of counsel claims, this Court must find that the Virginia Supreme Court's dismissal of Crawford's claims was an unreasonable application of Strickland. Strickland requires the Virginia Supreme Court to analyze Crawford's claims under a two-prong test: competence and prejudice. To have granted relief, the Virginia Supreme Court would have to have found that (1) Crawford's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690 (the "competence prong" of the test); and (2) there is a reasonable probability that but for the deficient performance by counsel the ultimate result would have been different. Strickland, 466 U.S. at 694 (the "prejudice prong" of the test). Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

In Grounds (a)(i) through (a)(iv), Crawford alleges his counsel was ineffective due to his handling of the Commonwealth's evidence as to location of the crime scene. Crawford alleges in

Ground (a)(i) that his counsel was ineffective for failing to object to the victim's testimony of a different scene of the crime. Crawford alleges his counsel should have objected, moved for a mistrial, moved for a continuance or asked for other relief.

The victim initially told police the crimes occurred at a truck stop off Interstate 85 in Bracey, Virginia, which is part of Mecklenburg County. Based on counsel's investigation of the case, he believed the crimes occurred at a truck stop off of 85 in Brunswick County. His strategy was to wait until after the Commonwealth presented their evidence at trial, and move to dismiss for improper venue.

At trial, the victim testified that the crimes occurred at a gas station in South Hill, Virginia, which is in Mecklenburg County. (Trial Transcript dated April 19, 2001 at 400-401, 428.) Crawford's counsel elicited testimony on cross-examination that the victim had only identified the South Hill gas station as the crime scene the day before, and that the prosecutor had driven her there. (April 19, 2001 Tr. 429.) Two police officers testified that the victim had stated she had been attacked at a truck stop in Bracey. (April 19, 2001 Tr. 287, 330-31.)

Counsel argued at the close of the evidence that venue had not been proven, and the case should be dismissed. (April 20, 2001 Tr. 363-81.) The Court took the matter under advisement. The jury was instructed, as requested by Crawford's counsel, to consider the question of venue, and counsel argued during closing argument that venue had not been established. (April 20, 2001 Tr. 403, 444-54.) Despite this, the jury found Crawford guilty. (April 20, 2001 Tr. 494-95.) Counsel challenged venue in his motion to set aside the verdict, and also argued that a discovery violation had occurred as the prosecutor had not told him about the change in the location of the crimes. A hearing was held on the motion, and fourteen witnesses testified. (Hearing Transcript dated

September 17, 2001.) Counsel subpoenaed the prosecutor to testify at the motion to set aside the verdict, but the court quashed the subpoena. Following briefing, the court denied the motion to set aside the verdict (Hearing Transcript dated December 12, 2001), and the decision was upheld on appeal. The Court finds that counsel's decisions to use the victim's conflicting stories of the location of the crime scene to impeach the victim's testimony, to challenge venue, and to move to set aside the verdict, were tactical decisions which the Court will not second-guess. Strickland, supra, at 689-91.

     Crawford alleges in Ground (a)(ii) that counsel was ineffective for failing to request a bill of particulars when it became apparent during discovery that the victim was not certain of the location of the crime scene. Crawford is merely speculating that requesting a bill of particulars would have changed the result of his trial. Crawford's counsel used the victim's conflicting versions of the location of the crime scene to impeach the victim's testimony, and to challenge venue. Even if failing to request a bill of particulars could be considered an error on the part of Crawford's counsel, that the error may have created the "possibility of prejudice" is not enough; rather, the error must have "worked to [Crawford's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986).

     Crawford also alleges in Ground (a)(iii) that counsel was ineffective for failing to subpoena the prosecuting attorney for her role in investigating the newly alleged crime scene. The record shows counsel did subpoena the prosecutor to testify during his motion to set aside the verdict; however, the court quashed the subpoena.

     Lastly, Crawford alleges counsel was ineffective for failing to call the victim to testify about the prosecutor's role in fabricating "the whole story." Presumably Crawford is suggesting counsel

should have called the victim to testify during the hearing on the motion to set aside the verdict. However, counsel had already cross-examined the victim during the trial, and elicited testimony that the prosecutor had driven the victim to the South Hill gas station the day prior to trial. (April 19, 2001 Tr. 429.) Further, the victim admitted it was only after this visit to the gas station that she identified the South Hill gas station as the crime scene. Crawford's counsel called twelve witnesses to testify during the motion to set aside the verdict (Hearing Transcript dated September 17, 2001), and his decision not to call the victim will not be second-guessed. Therefore, Crawford's ineffective assistance of counsel claims raised in Grounds (a)(i) through (a)(iv) should be DENIED.

In Grounds (b)(i) through (b)(v), Crawford alleges his counsel's conduct was improper. He alleges his counsel acted delirious at times. However, the portions of the transcript cited in Crawford's petition do not support Crawford's allegations. Most pages cited do not contain any statements which are out of the ordinary. Counsel's statement on page 195 of the transcript of the hearing on the motion to set aside the verdict (September 17, 2001 Tr.) that, "I was to the point that I was going to kill somebody if I didn't take a vacation pretty soon," was made while the Court was attempting to set a briefing schedule. When read in context, it becomes apparent the Court felt the scheduled vacation was well deserved, and set the briefing schedule accordingly.

Next, he asserts his counsel did not have the transcripts of the victim's perjury trial recorded to use to impeach her in Crawford's trial. Crawford argues the transcript would reveal discrepancies between the victim's testimony during her perjury trial and her testimony during his trial, however, he does not offer one discrepancy in support of his argument.

He then states his counsel admitted ineffectiveness in a letter to Crawford, and Crawford attaches the letter to his petition. A review of the letter reveals it is not an admission of

9

ineffectiveness, but rather a discussion of the case in hindsight. In fact, counsel points out his belief that having objected to the victim's testimony, or moving for a mistrial, would not have gained any different result for Crawford. Even if his counsel had admitted ineffectiveness, counsel's assessment of his own performance is not controlling. See Sykes v. Com of Va. ex rel. Peyton, 364 F.2d 314 (4th Cir. 1966).

Crawford alleges his counsel made misrepresentations to the court. This allegation is based on counsel's statement during the motion to set aside the verdict, that he "objected vehemently" about the South Hill gas station being the crime scene. The statement is certainly not a misrepresentation. While Crawford did not state an objection during the victim's testimony, he did move for dismissal based on the Commonwealth's failure to prove venue; had the jury instructed to consider venue during deliberations; argued venue had not been proved during closing argument; and, made a motion to set aside the verdict based on the victim's changed testimony regarding the location of the crime scene. Each of these can be considered counsel's "objection" to the victim's changed version of events.

Lastly, Crawford asserts his counsel should have kept the jury, victim, witnesses and prosecutor from having lunch at the same restaurant. Crawford admits he does not know if any of these people spoke about the case. Instead, he argues, "with a [sic] environment like that anything could have happen [sic]." Speculation does not establish prejudice under Strickland. See Burger v. Kemp, 483 U.S. 776, 793 (1987); Orbe v. True, 233 F. Supp.2d 749, 781 (E.D.Va. 2002).

None of the claims raised in Grounds (a) or (b) satisfy the Court that counsel's representation fell below the range of competence expected of other criminal defense attorneys or that his actions otherwise prejudiced Crawford in violation of Strickland v. Washington, 466 U.S. at 668. Further,

10

upon a careful review of the record and Crawford's contentions of ineffective assistance of counsel, this Court cannot find that the Virginia Supreme Court's adjudication on the merits was contrary to law nor involves an unreasonable determination of facts. Therefore, this Court recommends denying Crawford relief on his claims of ineffective assistance of counsel, Grounds (a) and (b).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Crawford's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Crawford's Grounds (a) and (b) should be DENIED because they were previously adjudicated by the Supreme Court of Virginia on the merits and based on the holding in Strickland and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

Crawford's Grounds (c) and (d) should be DENIED because they were procedurally barred from review in the state courts and thus, may not now be considered in this federal Court.

Crawford's request for an evidentiary hearing is hereby DENIED.

Crawford has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28

U.S.C. § 636(b)(1)(C):

      1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

      2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

      The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                       /s/
                                  Tommy E. Miller
                              United States Magistrate Judge

Norfolk, Virginia

June 22, 2005

## CLERK'S MAILING CERTIFICATE

      A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jonathan Crawford, #304936
Red Onion State Prison
P.O. Box 1900
Pound, VA 24279


Kathleen B. Martin, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                  Elizabeth H. Paret, Clerk


                    By _____
                         Deputy Clerk

                        June          , 2005